UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:21-cv-00271-BO

| | |
|---|---|
| DIANE HAMMOND,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN HAMMOND, as Personal Representative of the Estate of Michael Hammond, and; STEPHEN HAMMOND, in his individual capacity,<br><br>Defendants. | **ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT STEPHEN HAMMOND** |

THIS MATTER IS BEFORE THE COURT on Plaintiff Diane Hammond's Motion for Entry of Default Judgment Against Defendant Stephen Hammond, in his individual capacity and as Personal Representative of the Estate of Michael Hammond. For the reasons set forth below — after a review of the motion at issue, the supporting memorandum, and the pleadings in this case — the Court HEREBY GRANTS Plaintiff's Motion for Default Judgment Against Defendants Stephen Hammond, in individual capacity and as Personal Representative of the Estate of Michael Hammond.

FINDINGS OF FACT

This case involves the proceeds of a life insurance policy issued by 5Star Life Insurance Co. and the Armed Forces Benefit Association which filed this action and has been dismissed from this action.

5Star Live Insurance Company and the Armed Forces Benefit Association filed a "Verified Complaint for Interpleader" on June 25, 2021. (D.E. 1) The Complaint sought to deposit life insurance proceeds of $400,000 with the Court, and to have the Court determine the

proper beneficiary. The original policy listed the Plaintiff, Diane Hammond, as the beneficiary. Even though the policy holder sent the insurer a portion of a form to change the beneficiary, "Because 5Star did not receive the signature page for the Form, Diane was not replaced as the Policy beneficiary before Decedent's death." (D.E. 1, ¶ 25).

The Complaint and Summonses were served on Defendant Stephen Hammond on July 16, 2021. (D.E. 6-1; D.E. 6-2) The Summons specifically stated, "Within 21 days after service of this summons on you . . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." The Summons further states, "If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint."

Defendant Stephen failed to answer or otherwise respond to the Complaint by August 6, 2021, as required by Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure.

On July 28, 2021, the Plaintiff Diane Hammond filed an Answer to the Complaint, asking "That the Court enter an order distributing the interpleaded funds to this Answering Defendant, Diane Hammond." (D.E. 10)

On December 15, 2021, the Court ordered that any motion regarding the proceeds due and payable under the Policy shall be filed within thirty days.

Plaintiff Diane Hammond is the surviving spouse of the Decedent, and Defendant Stephen Hammond is the Decedent's father.

The Decedent died on January 29, 2021.

The insurer faced competing claims for the policy benefits and instead filed a Complaint in Interpleader so that this Court may resolve uncertainty concerning the correct recipient of those benefits.

Plaintiff Diane Hammond (originally denominated as a Defendant in this action) has answered the Complaint in Interpleader. Defendant Stephen Hammond has not answered or otherwise responded to the Complaint in Interpleader. Default was entered by this Court on _____.

The Defendant Stephen Hammond has stated in writing, to his grand-daughter Elizabeth Ann Hammond, that he is "not going to court to argue about the insurance money," and that Plaintiff Diane Hammond "can have it."

## CONCLUSIONS OF LAW

Rule 55(a) of the Federal Rules of Civil Procedure provides for the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). After default has been entered, Rule 55(b)(2) authorizes the Court to enter a default judgment against the defaulting party.

"In the context of an interpleader action, a defendant against whom default judgment has been entered forfeits any claim of entitlement that might have been asserted by that defendant." The Guardian Life Ins. Co. of Am. v. Spencer, No. 5:10-cv-00004, 2010 U.S. Dist. LEXIS 93405, at *11 (W.D. Va. Sept. 8, 2010) (citing Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 133 n.4 (4th Cir. 1984)); *see also* Protective Life Ins. Co. v. Mizioch, No. CV 10-1728-PHX-JAT, 2011 U.S. Dist. LEXIS 18334, at *5 (D. Ariz. Feb. 10, 2011) (entering default judgment against interpleader defendant for failure to answer or otherwise defend the interpleader complaint); Life Ins. Co. of N. Am. v. Mozella, No. 08-cv-2129 KHV, 2009 U.S. Dist. LEXIS 45714, at *4 (D. Kan. May 29, 2009) ("The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." (citations omitted)).

Defendant Stephen Hammond was required to answer or otherwise respond to the Complaint in Interpleader by August 6, 2021. Given Stephen Hammond's failure to do so, "entry of default judgment pursuant to Rule 55(b)(2) is appropriate." *See* Spencer, 2010 U.S.Dist. LEXIS 93405, at *12.

Plaintiff Diane Hammond is, therefore, entitled to receive the life insurance benefits at issue in this case.

A hearing is unnecessary in this case because Plaintiff does not seek damages for which an accounting would be required and the truth of the allegations on which this motion is based are established. *See* Fed. R. Civ. P. 55(b)(2).

IT IS THEREFORE ORDERED THAT Plaintiff Diane Hammond's Motion for Entry of Default Judgment Against Defendant Stephen Hammond, as Personal Representative of the Estate of Michael Hammond, and in his individual capacity, is HERBY GRANTED.

This Clerk is directed to enter judgment in accordance with this Order.

This the 15 day of March, 2022.

_Terrence Boyle_
TERRENCE W. BOYLE
United States District Judge